## SEWALL FULLAM *v.* FORESTER GODDARD.

### *Deposition.*

If the county court reject a deposition for an alleged defect in the caption, which is not a legal objection to its introduction, yet if it appear from the statement in the exceptions, or from the deposition which is referred to as part of the case, in connection with the special verdict of the jury, that the deposition if admitted would have had no tendency to produce a different result, the judgment will not be reversed.

ACTION of trespass for taking a quantity of hard wood boards, the property of the plaintiff, in Templeton, Massachusetts. Plea, the general issue. Trial by jury, December term, 1868, BARRETT, J., presiding.

The plaintiff and one Frederick Parmenter and one David Goddard gave evidence as to the ownership of said boards, as shown by the judge's minutes, which were referred to. There was no other testimony given bearing upon that subject on either side.

The court instructed the jury that if the plaintiff bought the lot of land, called in said testimony "the Cole lot," with intent to let the said Goddard have it upon his paying for it, and that the transaction between the plaintiff and said Goddard was understood to be by them as if the plaintiff had deeded said Cole lot to said Goddard and taken back a mortgage to secure the payment to him by Goddard for said lot, the trees when cut thereon by said Goddard were the property of said Goddard, and not the property of the plaintiff, and the plaintiff could not recover for the boards

made from them, and in some things more applicable to the subject of the plaintiff's title, to no part of which was any exception taken. The jury returned a verdict for the defendant, and specially for the reason that they did not find the boards were the property of the plaintiff; and, therefore, that they did not consider the other branch of the case, viz.: whether the defendant took and converted them.

On the trial the plaintiff offered the deposition of one Charlotte L. Emerson, which was objected to on the ground that there was no date to the certificate of the time when the deponent was sworn to the truth of the deposition. The plaintiff offered to show, by parol, that the defendant was notified to be present at the taking of said deposition, and when said deposition was sworn to by the deponent to which the defendant objected, and the same was excluded by the court, as was also said deposition, to which the plaintiff excepted. Said deposition became wholly immaterial by reason of the jury not finding that the plaintiff owned the boards.

*Sewall Fullam*, and *John F. Deane*, for the plaintiff.

The deposition was improperly ruled out. It was taken to be used in that court, and on that trial, some terms before, and was opened and certified by the clerk. Everything was right about it except the date of the certificate, and as the deposition was, it was an immaterial typographical error. If an execution bearing date thirty years before was still good, then this certificate is good. *Bank of Whitehall* v. *Pettes*, 13 Vt., 395.

*Julius Converse*, and *W. C. French*, for the defendant.

The question relating to the deposition becomes unimportant, as the case turned upon a point upon which the deposition had no bearing.

The opinion of the court was delivered by

PECK, J. The only question before this court on the exceptions is, whether the county court erred in excluding the deposition of Charlotte L. Emerson, offered by the plaintiff. The objection made to it was that there was no date to the certificate of the oath show-

ing the time when the deponent was sworn to the truth of the deposition. The court sustained the objection, notwithstanding the plaintiff offered to show that the defendant was notified to be present at the taking of the deposition, and when it was sworn to by the deponent. It is insisted on the part of the defense that the case shows that the plaintiff could not have been prejudiced by the exclusion of the deposition, and that the judgment should not be reversed even if the decision of the court excluding it was erroneous. This proposition is correct, provided it clearly and properly appears that the deposition, if admitted, could have had no tendency to change the verdict. The action was trespass for a quantity of boards. The exceptions show that the verdict of the jury for the defendant was special; that the jury so found for the reason that they did not find the boards were the property of the plaintiff; and that therefore they did not consider the other question, that is, whether the defendant took the boards. The exceptions state that "the deposition became .wholly immaterial by reason of the jury not finding that the plaintiff owned the boards." But the plaintiff insists that as the deposition was excluded solely for a defect in the caption, the county court cannot be supposed to have known the contents of the deposition, and therefore that this statement as to the materiality of the deposition is not legitimately a part of the case, and ought not to be regarded. It is true that, as the court was called on simply to pass upon the sufficiency of the caption, they had no occasion to look into the body of the deposition at the trial, and it is not material that they should have done so. But when the deposition was offered, the counsel for the defense had a right to look, not only at the caption, but at the contents of the deposition, in order to determine whether there was any legal ground for excluding the deposition, and whether it would be for their, interest to exclude it. So that it is fair to presume that the defendant's counsel had knowledge, at the trial, of the contents; and if desired by the defendant's counsel, the judge in making up the exceptions would have a right, and it would be his duty, to look into the deposition, and if it appeared to have no bearing on the point on which the jury found their verdict, and had no tendency to change the

result, to so state in the exceptions. If the plaintiff still claimed that it had a legal tendency to change the result of the case, he could in this court test the correctness of this statement of the judge by making the deposition a part of the case, and having such other evidence in the case stated as would be necessary to show whether the deposition became wholly immaterial or not, by the finding of the jury. We see no impropriety, therefore, in the judge making the statement, in the exceptions, that the deposition became immaterial by the finding of the jury. But without this statement the same thing appears in another form. The deposition and the judge's minutes of the evidence as to the plaintiff's title are referred to as part of the case, from which it appears affirmatively that the deposition had no bearing whatever upon the question of the plaintiff's title, but referred exclusively to the question of the taking by the defendant relied on by the plaintiff as the trespass. As it is clear beyond dispute that the exclusion of the deposition could not have prejudiced the plaintiff, it is immaterial whether the court erred in excluding it or not, and upon that question the court express no opinion. No other question being reserved by the exceptions, we can entertain no other.

The judgment of the county court is affirmed.